**DUANE READE INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 03–1156.

United States Court of Appeals, District of Columbia Circuit.

June 4, 2004.

Daniel F. Murphy, Sean H. Close, Putney, Twombly, Hall & Hirson LLP, New York, NY, for Petitioner.

William M. Bernstein, Attorney, Margaret Ann Gaines, Supervisory Attorney, Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Usha Dheenan, National Labor Relations Board, Washington, DC, for Respondent.

Before HENDERSON, ROGERS and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Consolidated with 03–1170, 03–1171 and 03–1172

These causes were heard on the record from the National Labor Relations Board and on the briefs and arguments by counsel. For the reasons set out below, it is

ORDERED that the petitions for review are denied and the cross-applications for enforcement are granted.

The National Labor Relations Board (Board) found that Duane Reade, Inc. (Reade) unlawfully assisted trade union Local 340–A UNITE (UNITE) to become recognized as the bargaining agent of employees at seven of Reade's retail pharmacy stores in the New York City metropolitan area to the exclusion of rival union Allied Trades Council (ATC), in violation of section 8(a)(1) and (2) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (2).* The Board further found that UNITE violated section 8(b)(1)(A) and (2), 29 U.S.C. § 158(b)(1)(A), (2), when it accepted Reade's assistance and subsequently entered into, maintained and enforced collective bargaining agreements, including union-security clauses, on behalf of Reade employees although UNITE did not represent an uncoerced majority of those employees. The petitioners challenge the Board's decision as to five of the seven stores. We uphold the Board's unlawful assistance determinations because they are supported by substantial evidence in the record and the Board did not act arbitrarily or otherwise err in applying established law to the facts of the case. *Tradesman Int'l, Inc. v. NLRB*, 275 F.3d 1137, 1141 (D.C.Cir.2002) (citing *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. NLRB*, 41 F.3d 1532, 1536 (D.C.Cir. 1994)).

First, the petitioners challenge the sufficiency of the evidence. The Board, adopting the factual findings of the administrative law judge (ALJ), identified a "pattern" of assistance and coercion at the seven stores based on the following substantiated facts: (1) despite a company policy prohibiting union organization in its stores, Reade invited UNITE to each of the seven stores to organize employees either before the store opened or the day afterward; (2) Reade directed its employees to meet with UNITE representatives on store premises during work hours to sign authorization cards; (3) Reade store managers were present during those meetings at five stores; (4) one store manager informed the gathered employees that UNITE was the only union with which Reade was affiliated, that employees had to sign UNITE's authorization cards and that they were forbidden to sign cards for any other union; (5) at two stores UNITE representatives met with employees at the same time Reade was handing out employment applications to them; (6) at at least two stores (and perhaps all seven) UNITE prematurely submitted written demands for recognition before it had collected any signatures; (7) at one store Reade prematurely prepared a letter to an arbitrator requesting a card count verification the day before UNITE first met with employees at the store; (8) Reade attempted to conceal from ATC representatives its ownership of two of the stores; and (9) after assisting UNITE as outlined above, Reade denied ATC equal access to employees at all seven stores and at at least two stores ordered ATC representatives to leave under threat of arrest. The Commission permis-

* The Board also found Reade violated section 8(a)(1), (2) and (3) by entering into and enforcing collective bargaining agreements, including union-security clauses, with UNITE at the seven affected stores, by directing employees not to speak with ATC representatives *and* *conducting surveillance of employees' union activities at one of the seven* and by tearing up an ATC authorization card at an eighth store. The petitioners do not challenge these findings.

sibly concluded that these "acts of assistance at each of the stores, in combination, reasonably tended to coerce employees in the exercise of their free choice in selecting a bargaining representative." 338 N.L.R.B. No. 140, slip op. at 2; *see Distributive Workers of Am. v. NLRB*, 593 F.2d 1155, 1161 (D.C.Cir.1978) ("[P]roof of a pattern of employer assistance may provide sufficient circumstantial evidence to justify the inference that the union's majority support is tainted.") (citing *Amalgamated Local Union 355 v. NLRB*, 481 F.2d 996, 1002 n. 8 (2d Cir.1973); *Dep't Store Food Corp. v. NLRB*, 415 F.2d 74, 77 n. 4 (3d Cir.1969); *NLRB v. Clement Bros. Co., Inc.*, 407 F.2d 1027, 1029–30 (5th Cir. 1969)).

The petitioners next challenge the credibility of testimony on which the ALJ relied but "the ALJ's credibility determinations, as adopted by the Board, will be upheld unless patently insupportable" *Cobb Mech. Contractors, Inc. v. NLRB*, 295 F.3d 1370, 1375 (D.C.Cir.2002) (citing *Williams Enters., Inc. v. NLRB*, 956 F.2d 1226, 1232 (D.C.Cir.1992)). The ALJ's determinations here satisfy this standard.

The petitioners also contest the ALJ's exclusion at the hearing of evidence of union activity at Reade stores other than the seven involved here. Given the marginal relevance, if any, of such evidence, we conclude that its exclusion was not an abuse of discretion. *See Perdue Farms, Inc. v. NLRB*, 144 F.3d 830, 834 (D.C.Cir. 1998) (citing *Dayton Hudson Dep't Store Co. v. NLRB*, 79 F.3d 546, 552 (6th Cir. 1996)).

Finally, the petitioners object to the breadth of the Board's cease-and-desist order because it does not expressly limit to the seven stores involved here its directive to cease "[m]aintaining and enforcing the collective-bargaining agreements with UNITE." As the Board notes, the limitation sought is necessarily implied from the directive's context and the Board's order should be so read.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.